UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------
JACOB ASKAL
on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

       -against-


NORTHLAND GROUP INC.

                    Defendant.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Jacob Askal seeks redress for the illegal practices of Northland Group Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Edina, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Jacob Askal*

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about April 4, 2016, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.   The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

12.   The Second Circuit stated in Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance <u>may</u> increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees.

13.   The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to interest and fees".

14.   However if the "Current Balance Due" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then

the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

15. The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

16. However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose that the "balance <u>might</u> increase due to interest and fees". *Id*. 2) If the "current balance" is <u>currently</u> increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter <u>will</u> increase over time". *Id*. 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt <u>only</u> if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due <u>could</u> increase by the accrual of additional interest or fees if payment is not received by that date.

17. In this case, the "Current Balance Due" was increasing due to interest per the creditor's contract.  Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

18. The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or

not the said account was accruing interest.

19.    The "Current Balance Due" in this case was for an amount that included original principal, fees, and contractual interest.

20.    The Plaintiff was left uncertain as to whether the "Current Balance Due" was accruing interest as there was no disclosure that indicated otherwise.

21.    The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

22.    The amount of the contractual interest automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

23.    Collection notices that state only the "Current Balance Due," but do not disclose that the balance <u>might</u> increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

24.    The Citibank account was being collected by United Collection Bureau, prior to Defendant Northland Group Inc.'s taking over of the said account.

25.    United Collection Bureau had sent a letter to the Plaintiff, on January 13, 2015 regarding the Citibank account.

26.    The balance stated in the said January 13, 2015 letter from United Collection Bureau was $17,155.58, and in addition to that balance, interest was accruing daily as apparent from the Defendant's April 4, 2016 letter, which reflected an increase in the balance to

an amount of $17,516.11.

27.   A reasonable consumer could be misled into believing that he could pay his debt in full by paying the amount as listed in the April 4, 2016 notice.

28.   In fact, however, since as shown by the difference in the amount between the United Collection Bureau letter and the new increased amount in the Defendant's April 4, 2016 letter, which reflects that interest was accruing daily, a consumer who pays the "Current Balance Due" as stated in the letter be left unaware as to whether or not the debt has been paid in full.

29.   The debt collector could still seek the interest and fees that had accumulated after the notice was sent, but before the balance was paid, or sell the consumer's debt to a third party, who itself could seek the post charge-off interest and fees from the consumer.[1]

30.   Where a debt collector mails a debtor various different letters which show that interest is accruing daily, yet the debt collector "is willing to accept a specified amount in full satisfaction of the debt if payment is made by a specific date [it must] simplify the consumer's understanding by so stating, while advising that the amount due would increase by the accrual of additional interest or fees if payment is not received by that date."[2]   However, if the debt collector intended on waiving the interest accruing it must clearly state that the interest is being waived.

31.   The said collection letters at issue were increasing daily due to interest, but the April 4, 2016 notice specifically, failed to disclose that the balance would continue to increase due to interest and fees, or in the alternative, the April 4, 2016 letter failed to disclose that the balance was actually not increasing due to the interest being waived.

---

[1] See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)
[2] id.

32.    In any case, the Defendant's said April 4, 2016 collection letter was "misleading" and "confusing" within the meaning of Section 1692e of the FDCPA.

Absent a disclosure by the holder of the debt that the interest accruing since the previous letter is waived, even if the debtor pays the "Amount of Debt" the Defendant and or the creditor could still seek the interest accruing since the previous letter, or sell the consumer's debt to a third party, which itself could seek the accrued interest from the consumer.[3]

33.    Waiver of interest even when it has been made explicitly has not prevented debt-collectors from continuing to illegally charge the waived interest.

34.    At the bare minimum, a debt collector must make clear even to the unsophisticated consumer that it intends to waive the accruing post charge-off interest.

35.    A debt-collector must disclose, that the balance due may change over time.

36.    To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

37.    If the "Current Balance Due," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

38.    Defendant was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt

---

[3] Avila, at *10-11.

nonetheless it did not make any of those disclosures in violation of 1692e.

39.    If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

40.    The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[4]

41.    Because the statement of the "Current Balance Due" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter will increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt.  Id. at 817.

42.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

---

[4] Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

43.     According to the Second Circuit's finding that the "Current Balance Due" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." [5]

44.     The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

45.     In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

46.     The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[6] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[7]

---

[5] Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)
[6] Navillus Tile, Inc. v. Turner Const. Co., 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003)
[7] Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

47.     Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e.  The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

48.     According to the Second Circuit in *Avila*, any debt that <u>was</u> accruing interest and fees would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.

49.     The "Current Balance Due" is for an amount that includes original principal, fees, and contractual interest.

50.     Since interest was accruing on this debt, the collection notice must inform the consumer that the amount of the debt stated in the letter may increase over time.

51.     Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).

52.     "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court

finds that Defendants' letters were deceptive as a matter of law.  Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." <u>Snyder v. Gordon</u>, No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012), <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 75 (2d Cir. 2016). ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate."**")

53.    "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." <u>Michalek v. ARS Nat'l Sys.</u>, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011).

54.    The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "Current Balance Due" is static and that his or her payment of

the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "Current Balance Due" the Defendant and or the creditor _could_ still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  (Avila, at *10-11.)

55.     The said letter was deceptive and misleading as it merely identified the "Current Balance Due," yet failed to disclose that the balance may increase due to interest and fees.

56.     The Plaintiff was left uncertain as to whether the "Current Balance Due" was accruing interest as there was no disclosure that indicated otherwise.

57.     A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

58.     In fact, however, since interest is accruing daily, or since there are undisclosed late fees, a consumer who pays the "Current Balance Due" stated on the notice will not know whether the debt has been paid in full.

59.     The debt collector could still seek the interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

60.     The statement of an "Current Balance Due" without notice that the amount is already increasing due to accruing interest or other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or

her account.

61. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

62. Collection notices that state only the "Current Balance Due," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

63. The Plaintiff and the least sophisticated consumer would be led to believe that the "Current Balance Due" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted.

64. A consumer who pays the "Current Balance Due" stated on the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

65. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

66. A debt collector, when notifying a consumer of his or her account balance, must disclose that the balance may increase due to interest and fees.

67. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

68.    Defendant's April 4, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

69.    Said letter further stated in pertinent part as follows: **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."**[8]

70.    The said language is deceptive and misleading in violation of the FDCPA.

71.    Under 26 C.F.R. § 1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

(2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

72.    A collection notice is deceptive when it reasonably can be read to have two or more

---

[8] <u>Good v. Nationwide Credit, Inc.</u>, No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014). (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

different interpretations, one of which is false.[9]

73.   The language in the letter that states **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that the client, in all circumstances, report forgiveness of debt on a Form 1099-C.

74.   The words **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** is reasonably read to mean that the creditor will always report forgiveness of debt.

75.   The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt to the IRS.

76.   Although the Defendant had no duty to disclose any potential tax ramifications,[10] when Defendant chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

77.   Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was

---

[9] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

[10] See Altman v. J.C. Christensen & Assocs., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). ("[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

less than $600.

78.   The statement **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."** is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer.  A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information - because in actual fact and according to IRS regulations, the creditor will not be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

79.   If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

80.   The creditor should also specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

81.    The use of the words **"Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations"** is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.[11]

82.    In a recent decision, this court found in the case of <u>Kaff v. Nationwide Credit, Inc.</u>, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to file a 1099: "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal debts**."[12]

83.    The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

84.    The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

---

[11] <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996). (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

[12] <u>Kaff v. Nationwide Credit, Inc.</u>, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015). (Towns, J,) (emphasis added), see also <u>Good v. Nationwide Credit, Inc.</u>, No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS deceptive and materially misleading in violation of the FDCPA.)

85.    Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[13]

86.    The statement in the said letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

87.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

88.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

89.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

90.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

91.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

92.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

93.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

---

[13] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,), Wagner v. Client Services, Inc., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009), Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998).

94.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

95.    As an actual and proximate result of the acts and omissions of Northland Group Inc., Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

<strong><u>AS AND FOR A FIRST CAUSE OF ACTION</u></strong>

<strong><em>Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.</em></strong>

96.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through ninety five (95) as if set forth fully in this cause of action.

97.    This cause of action is brought on behalf of Plaintiff and the members of two classes.

98.    Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 4, 2016; and (a) the collection letter was to a consumer seeking payment of a personal debt purportedly owed to Citibank, N.A.; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

99.    Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 4, 2016; and (a) the collection letter was

sent to a consumer seeking payment of a personal debt purportedly owed to Citibank; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

100.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

A.    Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

B.    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C.    The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

D.    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E.    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

101.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing

the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

102.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

103.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

104.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

105.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A.   Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.   Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
March 22, 2017


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614

January 13, 2015

1-800-925-9018

JACOB ASKAL
1874 59TH ST
BROOKLYN NY 11204-2303

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI AADVANTAGE WORLD MASTERCARD |
| Last Four Digits of Creditor Account Number: | XXXXXXXXXXXX2943 |
| United Collection Bureau, Inc. Reference Number: | 753 |
| Current Account Balance: | $17155.58 |

Dear JACOB ASKAL:

Unless you dispute the validity of this debt or any portion thereof, please make your payment to Citibank at the remit address below or call our office for arrangements.

As of the date of this letter, you owe the above Current Account Balance.  Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received.  For further information, you may write to our office or call the telephone number within this communication.

When calling our office at 1-800-925-9018, please refer to reference number 753.

To make an easy one-time payment online, please go to: www.ucbinc.com, click on make a payment and follow the prompts.

Please contact the undersigned with respect to any questions or concerns you may have.

Sincerely,
Brian Macionsky
United Collection Bureau, Inc.

Business Hours:  8:00 a.m. – 9:00 p.m. ET Monday – Thursday
8:00 a.m. – 8:00 p.m. ET Friday

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## SEE REVERSE SIDE FOR IMPORTANT INFORMATION

24CU027000CDN

PO BOX 140310
TOLEDO OH 43614

ADDRESS SERVICE REQUESTED

January 13, 2015

JACOB ASKAL
1874 59TH ST
BROOKLYN NY 11204-2303

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB.
**PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK**

| | |
|---|---|
| Creditor: | CITIBANK, N.A. |
| Regarding: | CITI AADVANTAGE WORLD MASTERCARD |
| Last Four Digits of Creditor Account Number: | XXXXXXXXXXXX2943 |
| Current Account Balance: | $17155.58 |
| United Collection Bureau, Inc. Reference No: | 753 |

REMIT TO:

United Collection Bureau, Inc.
PO BOX 140310
TOLEDO OH 43614

## Northland Group Inc.

P.O. Box 390905
Minneapolis, MN 55439
Mail Code CNYE4

866-595-2447
For General Business Hours, please visit us at:
www.payments2northland.com

April 4, 2016

Jacob Askal
1874 59th St
Brooklyn, NY 11204



**ACCOUNT INFORMATION**

Creditor: **CITIBANK, N.A.**
Regarding: **CITI AADVANTAGE WORLD MASTERCARD**
Original Account #: **************2943**
Current Balance Due: **$17,516.11**

**NORTHLAND REFERENCE NUMBER**

856

---

### Discount and Save: Pay Discounted Amount Over 12 Months

Our client, CITIBANK, N.A., will allow you to settle your account for $7,018.44 in 12 payments over 12 months starting on 04/25/2016. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer.  Once all 12 payments of $584.87 have been paid to our office on time, a letter will be sent confirming the above referenced account has been resolved. Make check payable to Citi.

Payments must NOT be more than 30 days apart or this settlement will be cancelled. Please send payments to the address above.

Sincerely,

Kyle Lundeen

CITIBANK, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.



**Pay Online:** www.payments2northland.com



**Pay by Phone:** Please call Northland Group, Inc. at 866-595-2447.
We offer check by phone, Western Union, and debit card.



**Pay by Mail:** Send payments to PO Box 390905, Minneapolis, MN 55439.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency's New York City Department of Consumer Affairs License number is 1283580.